**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CYNTHIA ANDERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:09-1042** |
| | ) | **Judge Trauger** |
| **JO-ANN STORES, INC., d/b/a FABRIC AND** | ) | |
| **CRAFT LARGER SUPERSTORE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Pending before the court is the defendant's Motion to Review Clerk of Court's Denial of Costs (Docket No. 76). While there has not been a response to this motion, the plaintiff, Cynthia Anderson, and the intervening plaintiff, Blue Cross Blue Shield of Tennessee (BCBST), stated their objections to the assessment of costs against them in earlier filings (*see* Docket Nos. 70-71). For the reasons discussed herein, the defendant's motion will be granted in part and denied in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

This was a negligence action in which plaintiff Anderson, in her state court Complaint filed September 17, 2009, asserted that she slipped and fell on the wet floor while leaving the defendant's fabric store in Franklin, Tennessee on September 19, 2008. (Docket No. 1 Ex. 1.) Anderson sought $500,000 in damages suffered as a result of the defendant's alleged negligence. (*Id.*)

Citing diversity jurisdiction, the defendant, Jo-Ann Stores, Inc. ("Jo-Ann Stores"), removed this case to this court on October 30, 2009. (Docket No. 1.) On March 4, 2010, BCBST filed its Intervening Complaint, asserting that it had paid $25,436.06 in medical expenses on behalf of the plaintiff related to her fall, and that, as the plaintiff's insurer, it was entitled to repayment of those expenses pursuant to a "right of subrogation and [] reimbursement" contained in the relevant insurance agreement. (Docket No. 22 at 2.) This matter was tried on May 24-25, 2011, and the jury returned a verdict for the defendant, concluding that Jo-Ann Stores was not at fault for the plaintiff's fall. (Docket No. 66.)

On June 24, 2011, Jo-Ann Stores filed its Bill of Costs, which sought $1,575.60. (Docket No. 69.) That is, $350 for the "fees of the clerk," paid to the court in conjunction with removal, $85 for "fees for service" of a subpoena, $742.50 for deposition "transcripts necessarily obtained for use in the case," $40 in witness travel costs, and $358.10 for copies of the plaintiff's medical records "necessarily obtained for use in the case." (*Id.*) The defendant attached the relevant documentation for these costs (for instance, receipts for the deposition transcripts and for the copies of the plaintiff's medical records, which it had obtained from the relevant medical provider). (Docket No. 69 Exs. A-E.) The Bill of Costs stated that it would be presented to the Clerk of Court on July 1, 2011, but it did not state the time of presentation. (Docket No. 69.) Both Anderson and BCBST filed objections to the Bill of Costs on June 30, 2011. (Docket Nos. 70-71.)

On July 1, 2011, the Clerk of Court denied the Bill of Costs, as it did not provide a "time certain" that the Bill of Costs would be presented to the Clerk, as required by the Local Rules.

(Docket No. 72.)  Later that day, Jo-Ann Stores filed a second Bill of Costs, which was identical to the previously filed version, except that it stated that the Bill of Costs would be presented to the Clerk of Court on July 8, 2011 at 9:00 a.m., thus providing a time certain.   (Docket No. 73.) No further action has been taken on the Bill of Costs by the Clerk of Court, and, on July 8, 2011, Jo-Ann Stores filed the pending motion, asking this court to allow the costs.

## ANALYSIS

### I.     Bill of Costs

#### A.     Standard of Review

Fed. R. Civ. P. 54 states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d).  The allowable costs, which include fees for the clerk and marshal, witness travel costs, along with necessary copying and transcript charges, are provided by 28 U.S.C. § 1920.  The Sixth Circuit has concluded that the language in Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court."  *Knology v. Insight Communications Co. LP*, 460 F.3d 722, 726 (6th Cir. 2006)(internal quotation omitted).  The "losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs" are particularly relevant considerations in evaluating a losing party's request to deny costs.  *Id*. at 726-27.  "Good faith without more, however, is an insufficient basis for denying costs to a prevailing party."  *White & White v. Am. Hosp. Supply Corp*., 786 F.2d 728, 731 (6th Cir. 1986).

The "chilling effect" of awarding costs is also a relevant consideration in determining

whether it is proper to award costs to the prevailing party. *Id.* at 731. Indeed, numerous district courts in this circuit have considered the potential chilling effect on future, similarly situated litigants to be a valid reason, among others, to decline to award costs. *See e.g. Barber v. Overton*, 2005 WL 2018134, *1 (W.D. Mich. Aug. 20, 2005); *Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69, 77 (S.D. Ohio 2000). Additionally, the district court may consider the "capacity of the indigent litigant to pay the costs." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989); *see also Jones v. Kolb*, 84 Fed. Appx. 560, 561 (6th Cir. 2003)[1].

Finally, the Local Rules provide that the court may, on motion filed within seven days of the Clerk's action on a cost bill, review that action. L.R. 54.01. The district court's review of the Bill of Costs is then conducted *de novo*. *BDT Prods., Inc. v. Lexmark, Inc.*, 405 F.3d 415, 418-19 (6th Cir. 2005). Jo-Ann Stores filed such a timely motion, and, therefore, the court will conduct a substantive evaluation of the Bill of Costs and the challenges thereto.

### B.      Analysis

There is no dispute that the costs claimed here – fees paid to the Clerk in conjunction

---

[1]As discussed below, plaintiff Anderson claims that she is unable to pay the costs, and Jo-Ann Stores, while recognizing that the court has "broad discretion" to apportion costs, responds that "this court is barred from considering Anderson's current financial condition as a reason for denying Jo-Ann's costs." (Docket No. 74 at 2.) The Sixth Circuit authority relied upon for this proposition, however, either states that the court should not condition costs on the *prevailing* party's ability to afford the costs or deals with assessing costs under the contours of the Prisoner Litigation Reform Act. *See McDonald v. Petree*, 409 F.3d 724, 732 (6th Cir. 2005); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). In light of the case law noted above and the court's broad discretion in this area, the court concludes it at least may consider the plaintiff's financial condition in setting a fair and reasonable cost award. *See Lindsay v. Pizza Hut of Am.*, 84 Fed. Appx. 582, 583 (6th Cir. 2003)(recognizing that the district court had considered and examined the losing plaintiff's financial condition prior to assessing costs).

with removal, the cost of a subpoena, deposition transcripts, fees for witness travel, and copies of medical records – are allowable under 28 U.S.C. § 1920, and, therefore, there is a presumption that these costs are recoverable. Indeed, plaintiff Anderson does not assert that the fees are unreasonable or not allowable; rather, she claims that an award of costs here would be "inequitable" because this case was "hotly contested" and "prosecuted in absolute good faith." (Docket No. 70 at 1-2.) Further, Anderson claims that any imposition of costs on her would be "an extreme financial hardship," as her husband is due to retire from the Postal Service in September 2011 and Anderson's only independent source of income is $440 per month in social security disability benefits, an income that, "as a practical matter," leaves Anderson unable to pay the costs sought here. (*Id.*) Finally, Anderson suggests that, to the extent that any costs are imposed, BCBST was also a plaintiff in this litigation, and it should have to bear the costs as well. (*Id.*)

BCBST adopts Anderson's arguments against the imposition of costs, but, to the extent costs are imposed, BCBST argues that it should not be liable for the costs incurred prior to its intervention (the $350 paid to the Clerk in conjunction with removal) and that BCBST should "only be assessed a fair and apportioned amount based on the clear disparity in the relief sought by it and Plaintiff," as plaintiff Anderson sought $500,000 and BCBST only sought $25,436.06. (Docket No. 71 at 1-2.)

Aside from Anderson's assertions of financial distress, the plaintiff's argument is essentially that she acted in "good faith," which, again, is insufficient to overcome the presumption that costs should be imposed. Further, there is nothing in the defendant's relatively

modest cost request that indicates any excess or abuse of the system.  Also, the court detects nothing in the procedural history of the case that would warrant a deviation from the general rule that the loser pays the costs.  This was a fairly typical "slip and fall" case that was tried in just over one day, and the facts and claims involved were not complex.  And, given the modest nature of the fee request, the court detects little "chilling effect" from awarding costs in this case.  Therefore, the court is convinced that Rule 54(d) dictates that some costs should be awarded in this case.

The issue, then, is how much of the claimed costs should be awarded and how the obligation to pay those costs should be allocated between BCBST and Anderson.  The court has broad discretion to apportion costs between non-prevailing litigants, but BCBST does appear to be correct that it may not be assessed for costs that arose prior to its intervention in this case.  *See U.S. v. Madsen Const. Co.*, 139 F.2d 613, 616 (6th Cir. 1943);  *Am. Nat. Ins. Co. v. Citibank*, 623 F. Supp.2d 953, 955 (N.D. Ill. 2009).  Therefore, Anderson is the only party potentially liable for the $350 in fees paid to the Clerk in conjunction with removal.

The court finds that a 50/50 split (between Anderson and BCBST) of the remaining costs ($1,225.60 or $1575.60 minus $350) is appropriate.  While BCBST may have facially pursued less money in damages, it shared the exact same goal that Anderson did, which was to obtain a judgment that Jo-Ann Stores was at fault in the accident.  Also, BCBST's stake in the litigation was considerable, as it had paid a significant sum of money for the plaintiff's medical expenses.  Given the considerable stake that both Anderson and BCBST had in this litigation, they should be considered "equal partners" for cost purposes and, therefore, the remaining costs should be

split between them.

Therefore, the plaintiff's assessed costs at this point would be $962.80 and BCBST's share would be $612.80. The court has no doubt that BCBST is able to pay its $612.80 share, and that payment should be made in due course.

As to the plaintiff's share, there was evidence introduced at trial that the plaintiff's only independent source of income each month is about $480 per month in social security disability benefits (slightly more than the amount the plaintiff claims in briefing here). Given this state of affairs, it does strike the court as unduly punitive to order the plaintiff to pay, in a lump sum, two months worth of income. Additionally, there is little sense in imposing a fee award on the plaintiff that she would not be able to pay. With an eye toward the ultimate goal of permitting the defendant to recover a significant portion of its Rule 54(d) costs, the court will simply take $312.80 off of the plaintiff's share, leaving her owing $650. The plaintiff should endeavor to pay the defendant at least $50 per month toward to the cost award, with the understanding that the award will be fully paid off in, at most, 13 months. The court believes this approach, while not ideal, balances the defendant's right to the costs with the plaintiff's difficult financial circumstances.

For the reasons discussed herein, the defendant's Motion to Review Clerk of Court's Denial of Costs (Docket No. 76) is **GRANTED IN PART AND DENIED IN PART.** The defendant is hereby **AWARDED** $1,262.80, with $612.80 due from BCBST and $650 due from the plaintiff, pursuant to the schedule discussed herein.

It is so Ordered.

Enter this 15th day of August 2011.

ALETA A. TRAUGER
United States District Judge